IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,098-01




EX PARTE STANARD LEROY PHILLIPS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 66,614-01-E IN THE 108TH DISTRICT COURT
FROM POTTER COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of harassment of
a public servant and sentenced to ten years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that his plea was involuntary because he was coerced by trial counsel,
and was induced by misrepresentations and improper promises. Applicant has alleged facts that, if
true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall order trial counsel to respond to Applicant’s claims
of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
             The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his plea was involuntary. The trial court shall also make findings of fact and conclusions
of law as to whether counsel coerced Applicant into pleading guilty and whether counsel promised
Applicant: (1) that court costs would be waived by a guilty plea, (2) that Applicant would receive
pre-sentence jail time, (3) that Applicant would receive all of his bond money after pleading guilty;
and, (4) made representations on the amount of time Applicant would have to serve. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
Filed:  April 9, 2014
Do not publish